**TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellant,**

v.

**Thomas B. PRESTON, Appellee.**

**No. 01–86–0518–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

March 5, 1987.

Rehearing Denied March 26, 1987.

Mike Driscoll Co. Atty., Melvin R. Nowlin, Jr. Asst. Co. Atty., Houston, for appellant.

Jeffrey Walter Sparks, Preston & Sparks, Houston, for appellee.

Before EVANS, C.J., and LEVY and SAM BASS, JJ.

OPINION

SAM BASS, Justice.

This is an appeal by the Texas Department of Public Safety from the probation of the suspension of appellant's driver's license.

After a hearing in the Houston municipal court, appellee's license was suspended for 90 days because he refused to give a breath specimen when requested to do so by a peace officer who had probable cause both to stop appellee and to believe that appellee was intoxicated while driving on a public highway. Tex.Civ.Stat.Ann. art. 6701*l*–5, sec. 2(f) (Vernon Supp.1987). Appellee appealed the decision of the municipal court. After a trial de novo in Harris County Civil Court at Law No. 3, at which appellant stipulated to the evidence, appellee's license was again suspended for 90 days, but the court probated the suspension.

In one point of error, appellant appeals that part of the judgment which probates the suspension. The facts are not in dispute; the only issue is whether the court had authority to probate the suspension.

Art. 6701*l*–5 sec. 2(f), upon which appellant relies, provides in pertinent part:

When the director receives [a report from an officer whose request was refused], the director shall suspend the person's license ... for 90 days effective 28 days after the date the person receives notice by certified mail.... If, not later than the 20th day [after notice is received] ... the department receives a written demand that a hearing be held, the department shall, not later than the 10th day after the day of receipt of the demand, request a court to set the hearing for the earliest possible date. The hearing shall be *set* in the same manner as a hearing under Section 22(a) ... Article 6687b, Vernon's Texas Civil Statutes. If upon such hearing the court finds (1) that probable cause existed that such person was driving ... a motor vehicle on the highway ... while intoxicated, (2) that the person was placed under arrest by the officer and was offered an opportunity to give a specimen under the provisions of this Act, and (3) that such person refused to give a specimen upon request of the officer, then the Director of the Texas Department of Public Safety shall suspend the person's license ... for a period of 90 days, as ordered by the court.... (Emphasis added.)

Tex.Civ.Stat.Ann. art. 6687b, sec. 22(a) (Vernon Supp.1987), provides in pertinent part:

Such hearing shall be had not less than ten (10) days after notification to the licensee or operator under any of the provisions of this section, and upon charges in writing, a copy of which shall be given to said operator or licensee not less than ten (10) days before said hearing, except as otherwise provided by this subsection.... It shall be the duty of the court to set the matter for hearing upon ten (10) days written notice to the Department. Upon such hearing, the issues to be determined are whether the license shall be suspended.... The officer who presides at such hearing shall report the finding to the Department which shall have authority to suspend the license for the length of time reported. In the event of an affirmative finding, the licensee may appeal to the county court of the county wherein the hearing was held, said appeal to be tried de novo....

Art. 6687b, sec. 22(c) (Vernon 1977), provides in pertinent part:

(c) *In all appeals prosecuted in any of the courts of this state pursuant to Section 22(a) or Section 31*, such trials shall be de novo as that term is used and understood in appeals ... to County Courts. When such an appeal is filed and the court thereby acquires jurisdiction, all administrative or executive action taken prior thereto shall be null and void and of no force and effect....

Art. 6701*l*–5, sec. 4, governing appeals from suspensions under sec. 2(f), provides as follows:

Appeals from all actions of the department under this Act in suspending, denying, or refusing to issue a license shall be governed by ... Article 6687b, Vernon's Texas Civil Statutes....

Appellant contends that art. 6701*l*–5, sec. 2(f), incorporates only the manner of setting described in art. 6687b, sec. 22(a), and that art. 6701*l*–5, sec. 4, incorporates only the rule of de novo appeal set out in

6687b, sec. 22(c) and sec. 31. Appellant insists that art. 6701*l*–5 does not incorporate art. 6687b, sec. 22(e), which provides that:

> The judge or officer holding a hearing under Subsection (a), (b), or (d) of this section, or the court trying an appeal under Subsection (c) of this section, *on determining that the License shall be suspended ... may, when it appears to the satisfaction of the court that the ends of justice and the best interests of the public as well as the defendant will be subserved thereby, recommend that the ... suspension be probated on terms and conditions deemed by the officer or judge to be necessary or proper.* The report to the department of the results of the hearing must include the terms and conditions of such probation. When probation is recommended by the judge or officer presiding at a hearing, the department shall probate the suspension or revocation.

In support of its contention, appellant emphasizes that art. 6687b, sec 22(e), authorizes probating a suspended license while 6701*l*–5 does not; and then relies on an opinion by the Attorney General, and Justice Cohen's concurring opinion in *McCambridge v. State*, 698 S.W.2d 390 (Tex.App.—Houston [1st Dist.] 1985), *aff'd in part*, 712 S.W.2d 499 (Tex.Crim.App. 1986).

We are unpersuaded by Op.Tex.Att'y Gen. No. JM–250 (1984), which states that:

> Article 6701 L–5, section 2(f), incorporates article 6687b, section 22(a), only for the purpose of determining the manner in which breath test refusal cases are "set." Article 6701 L–5 does not incorporate other provisions of article 6687b, portions of which provide for the probation of license suspension, which we believe do not have anything to do with the "setting" of the administrative hearing.

This opinion completely disregards art. 6701*l*–5, sec. 4, which does incorporate other provisions of article 6687b. Art. 6678b, sec 22(c), governs every appeal of a driver's license suspension, whether under Sec. 22(a)—which appellant contends does not apply—or under Sec. 31, which appellant concedes is incorporated by art. 6701*l*–5.

Justice Cohen's concurring opinion in *McCambridge* is not on point, and does not discuss the issue presented in the instant cause.

Appellant's argument, based on the intent of the statute, ultimately rests only on the fact that the director is not authorized to probate the suspension if there is no appeal. Because the director has no means of determining whether the ends of justice and the best interests of the public, as well as the defendant, will be subserved by probating the suspension, and what terms and conditions would be necessary or proper in the individual case, the legislature may well have determined that such power is more properly exercised by a judicial officer during the appellate process. We find it significant that had appellee been convicted of the offense of driving while intoxicated, the criminal court would clearly have had the authority to probate the suspension of his license. Tex. Code Crim.P. Ann. art. 42.12 (Vernon Supp.1987). Appellant cites no contrary authority regarding the 90–day suspension for refusal to give a breath specimen alone. Appellant's point of error is overruled.

The judgment is affirmed.