COWELL et al. v. ANDREWARTHA et al.
(No. 6893.)

Court of Civil Appeals of Texas. Austin.
Feb. 3, 1927.

Appeal and error ⬅781(4)—Question on appeal as to use of property being a nuisance is moot, where subject-matter has been disposed of by legislation (Acts 39th Leg. [1925] c. 182).

Where, pending appeal from order enjoining operation of a hospital for senile dementia patients in city of Austin as a nuisance, title to property vested in Texas University under Acts 39th Leg. (1925), c. 182, subject to use as hospital until August 1, 1926, and parties postponed action in case until that date, subject-matter of litigation having been disposed of by legislation, question raised on appeal as to right to operate hospital is moot, and appeal must be dismissed.

Appeal from District Court, Travis County; Geo. Calhoun, Judge.

Suit by J. A. Andrewartha and others against S. B. Cowell and others. From a judgment for plaintiffs, defendants appeal. Appeal dismissed.

W. A. Keeling, of Austin, F. M. Kemp, of Dallas, and C. A. Wheeler, of Austin, for appellants.

O. W. Sandstrom and White, Wilcox, Graves & Taylor, all of Austin, for appellees.

BAUGH, J. This is an appeal from an order of the district court of Travis county, enjoining the board of control of the state of Texas from establishing and operating a hospital for senile dementia patients on what is known as the Old Blind Institute property, situated at the intersection of Nineteenth street and East avenue, in the city of Austin, Travis county, Tex. The injunction was granted to those residing in the immediate vicinity upon a finding of a jury that such operation would constitute a nuisance.

While this appeal was pending, the Thirty-Ninth Legislature in regular session took cognizance of the condition thus created. By

an Act of that Legislature, approved April 4, 1925 (General Laws of the Thirty-Ninth Legislature, Regular Session, c. 182, p. 451), the title to the property involved was vested in the University of Texas in fee simple, subject to the use thereof by the state as a hospital for senile dementia patients until the 1st of August, 1926, at which time said act provided that possession of the property should be surrendered to the University of Texas. The parties to this suit thereupon filed an agreement postponing any further action in the case until August 1, 1926.

It is obvious, therefore, that the subject-matter of this litigation has been disposed of by legislation. Title and possession of the property having passed to the University of Texas, the question raised on appeal—that is, the right of the board of control to establish and operate a hospital for senile dementia patients on said property—has become moot, and the proper action for this court to take is to dismiss the appeal.

Appeal dismissed.