**Edgar JAMES, et al., Appellants,**

v.

**The CITY OF ROUND ROCK, Texas, et al., Appellees.**

**No. 13620.**

Court of Appeals of Texas, Austin.

March 3, 1982.

James Thoma, Grimes & Associates, Round Rock, for appellants.

Stephen L. Sheets, Round Rock, for appellees.

PER CURIAM.

Appellants, various affected landowners, sued the City of Round Rock, appellee, and its individual city officials, to have declared invalid and unconstitutional the city's zoning ordinances 647 and 648. The opposing sides each filed motions for summary judgment. The trial court, upholding the ordinances, granted summary judgment in favor of appellees from which appellants took their appeal to this Court.

The City of Round Rock has filed in this Court a motion to dismiss the appeal, on the ground that the appeal has become moot due to the city's adoption of a new comprehensive zoning code.

The claim of mootness is founded upon the following events which have occurred since the perfection of the appeal: on September 21, 1981, the Round Rock City Council repealed Chapter 11, sections 2 and 3 of the city's code of ordinances which included the general zoning plan and policy of the city and its comprehensive zoning regulations. The two ordinances complained of, namely numbers 647 and 648, were part of the code which was repealed.

The new comprehensive zoning ordinance sets up a new system of classification for the entire city. Appellants' land was not singled out for special treatment in the new zoning districts provided by the new ordinance. The new ordinance evidently was not adopted in direct response to the suit brought by appellants but constitutes the result and culmination of a three year project by the city aimed at bringing the original zoning ordinances in line with the rapid population growth recently experienced by the city.

We will therefore examine whether the new ordinance has rendered moot appellants' claims on appeal. Those claims are based upon the following facts.

Before 1978, appellants' land lay outside the city limits and as a result was not included within the original city comprehensive zoning ordinance. This land was later annexed by the city. Under the city's original zoning ordinance, all land annexed would automatically receive a temporary classification as a residential district or "R–1". Appellants' land was therefore zoned as residential (single family dwellings).

Section 3.T.(1) of the planning and zoning section of the city code (Chapter 11), which was then applicable to zoning of annexed areas, read as follows:

All territory annexed to the City hereafter automatically shall be temporarily classified as Residential District: R–1 until permanently zoned by the City Council. The Planning and Zoning Commission shall, as soon as practicable after annexation of any territory, recommend to the City Council a plan for permanent zoning in the area.

Three separate attempts have been made to give appellants' land a permanent zoning classification. The first attempt began in March of 1978. After public hearings, the city council voted not to adopt a permanent zoning designation for the tracts in question. Again in September, 1979, another attempt was made with the same result. Finally, in February, 1980, appellants applied for a permanent B–1, or general business district, classification. After public hearings, the Zoning Commission recommended that a permanent B–1 classification be adopted, but the city council voted to give the tracts a permanent R–1 classification through its enactment of ordinances 647 and 648, the ordinances questioned on appeal.

Appellants argue on appeal that ordinances 647 and 648 were not validly enacted because they did not meet the mandatory prerequisite for the exercise of zoning authority under Tex.Rev.Civ.Stat.Ann. art. 1011d (1963). Article 1011d states "the legislative body of such municipality shall provide for the *manner* in which such regulations and restrictions and the boundaries of such districts shall be determined, *established*, and enforced, and from time to time amended, supplemented, or changed." (emphasis added). Appellants state there is no underlying provision in the city's ordinances which provides for the manner of establishing zoning districts and no clear procedure set out for original zoning. They state specifically that section 3.T.(1) of Chapter 11, quoted above, is insufficient for that purpose.

Second, appellants argue these two ordinances were unconstitutional since they were not formulated in a manner required by the due process clauses of the Texas and the United States Constitutions. Since zoning is a regulation of private property rights by a governmental body, any procedure regulating these rights must provide some degree of certainty in the standards used to limit the use of such property. Appellants claim section 3.T.(1) is "arbitrary" and "discriminatory" because (1) there is no established time frame within which the

city must act to replace the temporary classification received at annexation with a permanent classification; and (2) the ordinance lacks procedural guidelines for this type of action.

Third, appellants claim the district court erred in granting summary judgment for appellee based on the "issuable fact" doctrine. In fact, appellants' argument is based on the idea that the adoption of the ordinances was arbitrary and capricious since they were unsupported by any credible evidence.

These claims can be divided into two areas—the procedural issue relating to compliance with article 1011d and the evidentiary issue. Both of these issues are, in our view, rendered moot by the adoption of the new comprehensive ordinance.

■ The City of Round Rock has the legal authority to enact zoning ordinances. Tex.Rev.Civ.Stat.Ann. art. 1011a (1963). The enactment of zoning laws is an exercise of police powers of the state by the legislative branch of government. *Lawton v. City of Austin*, 404 S.W.2d 648 (Tex.Civ.App.—Austin 1966, writ ref'd n. r. e.). Article 1011d provides the proper procedure to be followed when promulgating a zoning ordinance:

> ... no such regulation, restriction or boundary shall become effective until after a public hearing in relation thereto, at which parties in interest and citizens shall have an opportunity to be heard. At least 15 days' notice of the time and place of such hearing shall be published in an official paper, or a paper of general circulation, in such municipality.

These requirements were evidently met by the city in promulgating the new comprehensive zoning ordinance. There appear to be no other restrictions upon the promulgation of new comprehensive zoning ordinances unless there is a written protest, Tex.Rev.Civ.Stat.Ann. art. 1011e (Supp. 1981), which is not the case before this Court.

■ A case becomes moot or abstract when it does not rest, or ceases to rest on

any existing right or fact. Several corollaries of this rule are: (1) a case is not moot if some issue is still in controversy; (2) a case becomes moot if it is impossible for the court to grant effectual relief for any reason, *Swank v. Sharp*, 358 S.W.2d 950 (Tex. Civ.App.—Dallas 1962, no writ); (3) a case can become moot by reason of new legislation or acts which supercede existing legislation, *Gordon v. Lake*, 163 Tex. 392, 356 S.W.2d 138 (1962).

Since zoning ordinances are considered legislative enactments, the question becomes what effect did the repeal of the old ordinance and the adoption of the new ordinance have on ordinances 647 and 648, which dealt directly with appellants' property. The general rule is that a statute may be expressly or impliedly repealed. "When a later enactment is intended to embrace all of the law upon the subject with which it deals, it repeals all former laws relating to the same subject." *McInnis v. State*, 603 S.W.2d 179 (Tex.1980); *Gordon v. Lake, supra.* The old comprehensive ordinance was repealed on September 21, 1981, and replaced by a comprehensive zoning ordinance. Ordinances 647 and 648 were amendments to the old comprehensive zoning ordinance. When the entire ordinance was expressly repealed, other ordinances which were amendments to it were also repealed.

■ Appellants' procedural claims have been rendered moot because the land has, in effect, been zoned again, through a procedure of which no complaint is made. Appellants' complaint that section 3.T.(1) failed to set forth a clear procedure for original zoning has been preempted by the city's enacting an entirely new comprehensive zoning system which includes appellants' land. Had the city failed to give this land a permanent classification between 1978 and 1981, the new comprehensive zoning ordinance and zoning map would have accomplished the same result—the land would have been permanently zoned R–1. However, the procedure involved in adopting the new ordinance is now the controlling factor in whether the appellants re-

ceived due process in the zoning of their land.

The evidence question also becomes moot since the facts surrounding the adoption of ordinances which have been repealed are no longer material. The facts surrounding the adoption of the new comprehensive ordinance will now be the only ones material to whether the city ordinances were arbitrary and capricious.

There is no problem in this appeal with the concept that this is a situation capable of repetition yet evading review. First, it appears that a new comprehensive ordinance was the result of a three year study to update the old ordinance. There is no indication that new comprehensive ordinances are in the making; in fact it appears that the new comprehensive zoning ordinance is designed to apply far into the future. Second, appellants still have the right to contest the permanent zoning of their property. Under both ordinances 647 and 648, which were amendatory zoning ordinances, and the new original comprehensive zoning ordinance, appellants' burden would be the same, i.e., the presumption is that both of these ordinances are valid until it is shown that the city acted arbitrarily and unreasonably. *See City of Pharr v. Tippitt*, 616 S.W.2d 173 (Tex.1981); *Hunt v. City of San Antonio*, 462 S.W.2d 536 (Tex.1971).

If this Court rules on the validity or invalidity of ordinances 647 and 648, appellants would still be faced with a presumptively valid zoning plan adopted in 1981 and hence their land would still be permanently zoned R–1. This Court would be unable to grant appellants any effectual relief since even declaring these two ordinances invalid would leave appellants in the same position. Appellants contend that invalidating these ordinances would merely leave the land as temporarily zoned R–1, but this ignores the valid enactment of an entirely new zoning map which designated appellants' property as permanently zoned R–1.

We grant the motion of The City of Round Rock to dismiss the appeal for want of jurisdiction, and the cause is dismissed as moot.

Dismissed as Moot.