The STATE of Texas, Appellant,

v.

GIBSON PRODUCTS COMPANY, INC., Appellees.

No. 10–85–028–CV.

Court of Appeals of Texas, Waco.

Oct. 17, 1985.

Henry Wade, Crim. Dist. Atty., Kathi Alyce Drew, Karen Chilton Beverly, John H. Hagler, Asst. Dist. Attys., Dallas, for appellant.

J. Robert Sheehy, Sheehy, Lovelace & Mayfield, Waco, for appellees.

## OPINION

THOMAS, Justice.

This is an appeal from an order denying permanent injunctive relief. The State of Texas sued Gibson Products Co., Inc. (Gibson) for allegedly violating the Texas Blue Law. *See* Tex.Rev.Civ.Stat.Ann. art. 9001 (Vernon Supp.1985), *repealed by* Act of May 31, 1985, ch. 220, § 5(a), 1985 Tex. Sess.Law Serv. 1770 (Vernon). In its suit, the State had sought a permanent injunction to enjoin Gibson from violating the Blue Law which prohibited the sale of certain items on consecutive Saturdays and Sundays. On November 29, 1984, the court denied the State's request for injunctive relief, and the State filed a notice of appeal on December 11. The Blue Law was repealed effective September 1, 1985. *See* Act of May 31, 1985, ch. 220, § 5(a), 1985 Tex.Sess.Law Serv. 1770 (Vernon). On September 4, Gibson filed a motion to dismiss the appeal on the basis of the repealing statute. However, the State argues that the provision which repealed the Blue Law requires the dismissal of proceedings at the trial court level and not after the case has entered the appellate process. We grant Gibson's motion to dismiss.

The act repealing the Blue Law provides: "If, on the effective date of this Act, an action is pending under a statute repealed by this section, the action is dismissed on the effective date of this Act." *Id.* at § 5(b). Gibson bases its motion to dismiss on this subsection of the statute. However, the State claims that this subsection does not require this court to dismiss the appeal because the word "action" does not include proceedings on appeal after a final judgment in the trial court. Thus, the State would have this court decide the case on the merits and then, if the State establishes that it was entitled to injunctive re-

lief, render judgment enjoining Gibson from doing something that it now has a legal right to do or remand the case to the trial court where the trial court would then be required to dismiss the "action" under section 5(b). Surely, by using the term "action", the legislature did not intend for this court to do such a vain thing. However, assuming that the term "action" does not include cases pending on appeal, we must nevertheless dismiss the cause under the doctrine of mootness.

A case becomes moot or abstract when it ceases to rest on any existing right or fact. *James v. City of Round Rock*, 630 S.W.2d 466, 468 (Tex.App.—Austin 1982, no writ). A case may also become moot when new legislation or acts are passed while a case is pending on appeal which supersede existing legislation. *See, e.g., J.W. Nichols Company v. White*, 325 S.W.2d 867, 879 (Tex.Civ.App.—Austin 1959, no writ); *Cowell v. Andrewartha*, 293 S.W. 337 (Tex. Civ.App.—Austin 1927, no writ). Prior to its repeal, section 4 of article 9001 provided that "any person may apply to any court of competent jurisdiction for and may obtain an injunction restraining such violation" of article 9001. Tex.Rev.Civ.Stat.Ann. art. 9001, § 4 (Vernon Supp.1985), *repealed by* Act of May 31, 1985, ch. 220, § 5(a), 1985 Tex.Sess.Law Serv. 1770 (Vernon). This right to bring a suit for an injunction has been repealed. *See* Act of May 31, 1985, ch. 220, § 5(a), 1985 Tex.Sess.Law Serv. 1770 (Vernon). Thus, the appeal is moot because the right upon which it was based no longer exists.

A case may also become moot where the court cannot possibly grant effective relief. *See James*, 630 S.W.2d at 468. The State is seeking to enjoin Gibson from violating section 1 of article 9001. However, the legislature repealed all of article 9001; therefore, the law no longer prohibits Gibson from selling items listed in section 1 on consecutive Saturdays and Sundays. For a court to determine whether Gibson violated section 1 of article 9001

when it was in effect and then to enjoin Gibson from violating that section, which no longer exists, would be ineffectual.

 The State also argues that the appeal cannot be dismissed because a controverted issue remains for this court to decide. The controverted issue to which the State refers is its claim that costs were assessed against it inequitably. Just because a question of costs is involved does not prevent a case from becoming moot pending its appeal. *Isbell v. Rednick,* 193 S.W.2d 736, 737 (Tex.Civ.App.—Waco 1946, no writ). Therefore, having concluded that this appeal is moot, we dismiss the appeal and the cause and order that the State pay all costs in all courts. *See International Ass'n of Machinists, Local Union No. 1488 v. Federated Ass'n of Accessory Workers,* 133 Tex. 624, 130 S.W.2d 282, 283 (1939).