TEXAS DEPT. OF PUBLIC
SAFETY, Appellant,

v.

Jeffrey Ray SEFCIK, Appellee.

No. 04–87–00687–CV.

Court of Appeals of Texas,
San Antonio.

April 29, 1988.

Ricardo J. Navarro, Asst. Dist. Atty.,
San Antonio, for appellant.

Gordon D. Bailey, San Antonio, for appellee.

Before BUTTS, REEVES and
CHAPA, JJ.

## OPINION

BUTTS, Justice.

Jeffrey Ray Sefcik, Appellee, arrested for driving while intoxicated on April 27, 1987, refused to take a breath test or offer a blood sample. On June 1st the Texas Department of Public Safety sent a notice of suspension of driving privileges. After a hearing in municipal court, Sefcik's license was suspended for 90 days. He appealed to county court where trial de novo was had on November 16, 1987. The county court found for the Texas Department of Public Safety and suspended Sefcik's license but probated the suspension, in accordance with the statute in effect at the time of the breath test refusal, TEX.CIV. STAT.ANN. art. 6687b, § 22(e)(Vernon Supp.1987).

Following Sefcik's refusal to test, article 6687b § 22(e), had been amended by the legislature, thereby overruling *Texas Department of Public Safety v. Preston*, 727 S.W.2d 325 (Tex.App.—Houston [1st Dist.] 1987, writ ref'd n.r.e.) (trial court had discretion to grant probation in breath test refusal cases brought under article 6701*l*–

5.) The legislative amendment, effective October 20, 1987, specifically withdrew the court's discretion to grant probation in breath test refusal cases brought under article 6701*l*–5. *See* Act of July 20, 1987, ch. 41 § 2, 1987 Tex.Sess.Law Serv. 258, 261–62 (Vernon).

Texas Department of Public Safety (DPS) raises one point of error: the county court did not have authority to grant probation in a breath test refusal case because its discretion had been withdrawn by legislative enactment. DPS argues the amendment to article 6687b § 22(e) applies to breath test refusals occurring prior to its effective date when trial is had after its effective date. We disagree.

■ The rule is that a statute is presumed to be prospective in its operation unless expressly made retrospective. Tex. GOV'T. CODE ANN. § 311.022 (Vernon 1988). We hold the amendment is applicable to breath test refusals that occur after the effective date of the amendment. The legislative history of amendments to article 6687b reflects a consistent intent by the legislature that amendments be applied prospectively. *See,* legislative notes to TEX.CIV.STAT.ANN. article 6687b (Vernon Supp.1988) pgs. 113–115.

■ The savings provision of the Texas Code Construction Act provides in pertinent part:

(a) Except as provided by sub-section (b), the reenactment, revision, amendment, or repeal of a statute does not effect:
. . .
(3) any violation of the statute or any penalty, forfeiture, or punishment incurred under the statute before its amendment or repeal; or
(4) any investigation, proceeding, or remedy concerning any privilege, obligation, liability, penalty, forfeiture, or punishment; and the investigation, proceeding or remedy may be instituted, continued, or enforced, and the penalty, forfeiture or punishment imposed, as if the statute had not been repealed or amended.

TEX.GOV'T. CODE ANN. § 311.031(a)(3) and (4)(Vernon Supp.1988). Since Sefcik's refusal to voluntarily take a breath test occurred prior to October 20, 1987, the effective date of the amendment to article 6687b, § 22(e), the law existing at the time of his refusal will apply.

■ The Texas Constitution provides that no bill of attainder, ex post facto law, retroactive law or any law impairing the obligation of contracts shall be made. TEX.CONST. art. 1 § 16. The interpretive commentary to article 1 § 16 describes a retroactive law as one which imposes a new disability for past transactions. Further, if a procedural change is retroactive and results in a depriving the accused of substantial protection, it is unconstitutional. *Ex parte Roper,* 61 Tex.Crim. 68, 134 S.W. 334, 339 (1910). Denying probation to Sefcik would be an imposition of a new disability unforeseen at the time he elected to refuse the breath test offered by the police. *See International Security Life Insurance Co. v. Maas,* 458 S.W.2d 484, 490 (Tex.Civ.App.—Houston [1st Dist.] 1970, writ ref'd n.r.e.). *See also Ex parte Rutledge,* 741 S.W.2d 460, 460–62 (Tex.Crim. App.1987); *Pace v. United States,* 585 F.Supp. 399, 400–401 (S.D.Tex.1984).

The point of error is overruled.

The judgment is affirmed.