**TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellant,**

v.

**Julio SANCHEZ, Jr., Appellee.**

**No. 07–89–0176–CV.**

Court of Appeals of Texas, Amarillo.

Nov. 22, 1989.

Travis Ware, Dist. Atty., Lubbock, Ruth Cantrell, Asst. Dist. Atty., for appellant.

Jim B. Darnell, Lubbock, for appellee.

Before REYNOLDS, C.J., and BOYD and POFF, JJ.

BOYD, Justice.

Appellee, Julio Sanchez, Jr. (Sanchez), was arrested in Lubbock County on July 27, 1988, for driving while intoxicated. He refused to take a breath test or offer a blood sample. In compliance with Tex.Rev. Civ.Stat.Ann. art. 6701*l*–5(2)(d) (Vernon Supp.1989),[1] the arresting officer reported that refusal to appellant, Texas Department of Public Safety (the Department). Upon receipt of that report, the Department sent Sanchez a notice of license suspension as required by article 6701*l*–5(2)(f). As permitted by that subsection, Sanchez requested a hearing before the Justice Court, Precinct 6, of Lubbock County. From an adverse finding in the Justice Court, the Department appealed to Lubbock County Court at Law Number 2. Trial de novo was held in that court on March 28, 1989. Based upon jury findings, the County Court at Law found for the Department and suspended Sanchez' driver's license. However, it probated that suspension. Asserting the County Court at Law had no authority to probate the suspension, the Department brings this appeal. We reform the judgment in question to delete the probation of the suspension and, as reformed, affirm the trial court judgment.

■ In bringing its appeal, and in one point of error, the Department argues the probation of the license suspension is in conflict with the statute, which does not authorize probation in this type of case. It is established that the right to an appeal in a license suspension proceeding does not exist in the absence of statutory authority since the entitlement to a driver's license is not a right but a privilege. *Texas Dept. of Public Safety v. Schaejbe*, 687 S.W.2d 727, 728 (Tex.1985). It therefore follows that the parameters of such an appeal are set and controlled by the statute granting the right to that appeal. *Texas Dept. of Public Safety v. Carraway*, 775 S.W.2d 672, 674 (Tex.App.—Amarillo 1989, no writ).

Article 6701*l*–5(4) provides that appeals in this type of action are governed by arti-

cle 6687b. A proper disposition of this appeal requires that we analyze the applicable provisions of article 6687b. Section 10 of the article, in general terms, provides for the examination and re-examination of applicants for Texas driver's licenses by the Department. Section 22(a), as applicable here, provides that where the Department's Director believes a licensee under section 10 to be incapable of safely operating a motor vehicle, he may institute proceedings for a hearing before the mayor of a city, a judge of the police court or a justice of the peace, all in the county where the licensee resides. It specifies the issues to be determined and provides for an appeal by the licensee for a trial de novo before the county court of the county in which the hearing was held. Subsections (b) and (d) of section 22 specify other grounds for which a driver's license may be suspended, none of which are applicable to the question before us.

Because their construction is decisive in this appeal, we will set out sections 22(e) and 31 in their entirety. Section 22(e) provides:

(e) The judge or officer holding a hearing under Subsection (a), (b), or (d) of this section, or the court trying an appeal under Section 31 of this Act, on determining that the License shall be suspended or revoked, may, when it appears to the satisfaction of the court that the ends of justice and the best interests of the public as well as the defendant will be subserved thereby, recommend that the revocation or suspension be probated on terms and conditions deemed by the officer or judge to be necessary or proper. The report to the department of the results of the hearing must include the terms and conditions of such probation. When probation is recommended by the judge or officer presiding at a hearing, the department shall probate the suspension or revocation. This subsection does not apply to an appeal under Section 31 of this Act for suspension of a driver's

---

**1.** Subsequent references to articles and sections are to those provisions of the Texas Revised Civil Statutes Annotated.

license or denial of operating privileges under Section 2, Chapter 434, Acts of the 61st Legislature, Regular Session, 1969 (Article 6701*l*–5, Vernon's Texas Civil Statutes).

### Right of appeal to courts

Sec. 31. Any person whose driver's license has been suspended or revoked after an administrative hearing under Section 22(a) of this Act, any person whose license suspension has been probated under Section 22(e) of this Act, and any person denied a license or whose driver's license has been cancelled by the Department, except where such cancellation, suspension, or revocation is automatic under the provisions of this Act, shall have the right to file a petition within thirty (30) days after the date the order of the Department was entered for a hearing in the matter in the County Court at Law in the county wherein such person shall reside, or if there be no County Court at Law therein, then in the county court of said county, and such court is hereby vested with jurisdiction, and it shall be its duty to set the matter for hearing upon thirty (30) days written notice to the Department, and thereupon to take testimony and examine into the facts of the case, cancellation, denial, or revocation of license under the provisions of this Act. A person who appeals under this section must send a copy of the person's petition, certified by the clerk of the court in which the petition is filed, to the Department by certified mail. An order of the Department is binding on the person to whom it pertains unless the person appeals the order as provided by this section or unless the person establishes that a hearing was timely requested, as provided by Section 24(g) of this Act or Section 2(f), Chapter 434, Acts of the 61st Legislature, Regular Session, 1969 (Article 6701*l*–5, Vernon's Texas Civil Statutes), but was not held. The Department may appeal the ruling of the judge or officer presiding at the hearing by filing a petition in the manner provided by this section.

The trial on appeal as herein provided for shall be a trial de novo and the licensee shall have the right of trial by jury.

The filing of a petition of appeal as provided by this section shall abate an order of suspension, probated suspension, revocation, or cancellation until the trial herein provided for shall have been consummated and final judgment thereon is had.

This is a paucity of authority dealing with the question presented in this appeal. The parties have cited only two cases dealing with analogous situations and, after independent inquiry, we have found no others. The two cases are *Texas Dept. of Public Safety v. Preston*, 727 S.W.2d 325 (Tex.App.—Houston [1st Dist.] 1987, writ ref'd n.r.e.), and *Texas Dept. of Public Safety v. Sefcik*, 751 S.W.2d 239 (Tex.App. —San Antonio 1988, no writ).

Both of the cited cases deal with the question presented here, *i.e.*, the authority of the county court at law, upon appeal, to probate a driver's license suspension for refusal to submit to a breath test. The two courts arrived at different conclusions. In the *Preston* case, the appellate court upheld probation of Preston's driver's license by the county court at law. En route to its decision, the court referenced then section 22(c) of the article which provided that in all appeals prosecuted under either section 22(a) or section 31, the trial would be de novo and all administrative or executive actions taken prior thereto shall be null and void and of no force and effect. The court went on to hold that section 22(c) applied to all appeals, whether under section 22(a) or under section 31. Section 22(e), as it read at the time of this decision, specifically provided that a court trying an appeal under 22(c) was authorized, in a proper case, to recommend probation. That being the case, the *Preston* court correctly reasoned, the trial court was authorized to make its recommendation of probation which was, of course, binding upon the Department. *Texas Dept. of Public Safety v. Preston*, 727 S.W.2d at 326–27.

Parenthetically, we note that subsequent to the *Preston* decision, effective Septem-

ber 1, 1987, article 6687b was amended to delete section 22(c). Effective October 20, 1987, section 22(e) was amended to add the present last sentence which provides that probation of suspension is not available in an appeal under section 31 from suspension of a driver's license or denial of operating privileges under article 6701*l*.

In the *Sefcik* case, the court was also presented with a case where the county court, upon appeal, had probated a driver's license suspension required because of Sefcik's refusal to take a breath test or offer a blood sample. The court noted the legislative addition to section 22(e) with the comment that that change effectively overruled the *Preston* decision and "specifically withdrew the court's discretion to grant probation in breath test refusal cases brought under article 6701*l*-5." *Texas Dept. of Public Safety v. Sefcik,* 751 S.W.2d at 239–40. Parenthetically, apparently Sefcik did not contest the fact that the appeal to the trial court was one under section 31 since the issue was drawn as to whether the addition to section 22(e) withdrawing the probation option for section 31 appeals was prospective or retrospective in its application.

In this case, the issue is whether an appeal of this nature arises under section 31. Predictably, the Department argues that since section 31 is the only portion of article 6687b authorizing an appeal by the Department, this proceeding must, of necessity, arise thereunder. Otherwise, it reasons, the court could not have had jurisdiction to consider the appeal. Contrariwise, and equally predictably, Sanchez argues that section 22 controls and, therefore, the trial court was authorized to probate its license suspension.

The question arises because article 6701*l*-5(4) simply provides:

Appeals from all actions of the Department under this Act in suspending, denying, or refusing to issue a license shall be governed by Chapter 173, Acts of the 47th Legislature, Regular Session, 1941, as amended (Article 6687b, Vernon's Texas Civil Statutes).

Of course, within that provision itself, no guidance is furnished as to what sections of article 6687b govern any particular type of appeal. Moreover, neither section 22 nor section 31 contain any specific reference to this type of appeal.

We are instructed by the Code Construction Act, Tex. Gov't Code Ann. sections 311 et seq. (Vernon 1988), as to the principles to be followed in statutory construction. By section 311.021 we are instructed that the Legislature, in enacting a statute, intended the entire statute to be effective, and that a result just and reasonable and feasible of execution is intended with the public interest being favored over any private interest. Section 311.023 tells us that in construing a statute we may consider the object sought to be a attained, the circumstances under which the statute was enacted and the consequences of a particular construction.

Application of these principles to the question before us compels us to note that the Department's appeal could only have arisen under section 31, since that is the only section of the Act specifically authorizing an appeal by the Department and to hold otherwise would effectively negate that authorization. Our conclusion is strengthened by the decision of the court in *Texas Dept. of Public Safety v. Preston, supra,* and the obvious legislative reaction to that decision evidenced by the addition of the last sentence to section 22(e). We also think the facts, the holding of the court in *Texas Dept. of Public Safety v. Sefcik, supra,* its discussion and conclusions, are sufficiently analogous to be persuasive in our decision in the instant case.

Moreover, the last sentence of section 22(e) is the only portion of article 6687b which contains a specific reference to license suspensions and denial of operating privileges by virtue of article 6701*l*-5. That reference, coupled by the legislature's reference to appeals arising under section 31, seems to be clear evidence of legislative intent. That legislative intent, we perceive, is that appeals, such as the instant one, arise under section 31 and that probation of a license suspension by the county court at

law is not an allowable option and is not available in a proceeding such as the instant one.

Accordingly, the judgment of the trial court under review here is reformed to delete the portion of that judgment probating the license suspension. As reformed, the judgment is affirmed.