**TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellant,**

v.

**Elvira Rocha QUINTERO, Appellee.**

**No. 13–90–461–CV.**

Court of Appeals of Texas,
Corpus Christi.

Oct. 10, 1991.

---

**150**

Rene B. Gonzalez, Asst. County Atty.,
Luis V. Saenz, County Crim. Dist. Atty.,
Brownsville, for appellant.

Nemecio L. Lopez, Jr., Harlingen, for
appellee.

Before HINOJOSA, SEERDEN and
DORSEY, JJ.

## OPINION

HINOJOSA, Justice.

The Texas Department of Public Safety
brings this appeal from an order probating
the driver's license suspension of Elvira
Rocha Quintero, appellee. Quintero re-
fused to provide a breath specimen upon
request after she was arrested for driving
while intoxicated. *See* TEX.REV.CIV.STAT.
ANN. art. 6701*l*-5, §§ 1–2 (Vernon Supp.
1991). By one point of error, the DPS
complains that the trial court exceeded its
jurisdictional authority in probating Quinte-
ro's license suspension. We reform the
trial court's judgment by deleting the pro-
bation of the suspension and, as reformed,
affirm.

The following facts are stipulated. On
or about January 20, 1990, Quintero was
arrested for the offense of driving while
intoxicated (DWI). The peace officer, hav-
ing reasonable grounds to believe that
Quintero was driving while intoxicated, re-
quested that Quintero submit to a specimen
of her breath. Quintero refused to provide
the requested ·breath specimen and was
subsequently sent notice by appellant that
her driver's license was to be suspended
pursuant to TEX.REV.CIV.STAT.ANN. art.
6701*l*-5 § 2 (Vernon Supp.1991).

Quintero then requested a hearing before
a justice of the peace. At the hearing, the
justice of the· peace found that Quintero
refused to provide a breath specimen after
a request by a peace officer and ordered
her driver's license suspended for ninety
days.

She appealed the justice court's order of
suspension to Cameron County Court at
Law No. 1, which held a trial de novo on
the proposed suspension on October 11,
1990. After the hearing, the trial court
ordered "that the Driver's License number
05361617 of Elvira Rocha Quintero be sus-
pended for ninety (90) days and that the
suspension of the Driver's License number

05361617 be probated for the ninety (90) day period and for Elvira Rocha Quintero to continue using her driver's license during the probation period." The DPS appeals that portion of the trial court's decision probating her driver's license suspension.

Article 6701*l*–5 § 1 provides:

Any person who operates a motor vehicle upon the public highways or upon a public beach in this State shall be deemed to have given consent, subject to the provisions of this Act, to submit to the taking of one or more specimens of his breath or blood for the purposes of analysis to determine the alcohol concentration or the presence in his body of a controlled substance or drug if arrested for any offense arising out of acts alleged to have been committed while a person was driving or in actual physical control of a motor vehicle while intoxicated.

TEX.REV.CIV.STAT.ANN. art. 6701*l*–5 § 1 (Vernon Supp.1991).

Section 2 of art. 6701*l*–5 provides that the Director of the Texas Department of Public Safety "shall suspend" the driver's license of any person who refuses to provide a breath or blood specimen after being requested to do so by a peace officer having reasonable grounds to believe that the person had been driving while intoxicated. TEX.REV.CIV.STAT.ANN. art. 6701*l*–5, § 2(f). The suspension is for a period of ninety days.

A person who receives notice of a proposed suspension from the Director of the DPS has a right to request a hearing in order to contest the proposed suspension. Section 2(f) provides that the hearing "shall be set in the same manner as a hearing under Section 22(a), Chapter 173, Acts of the Forty–Seventh Legislature, Regular Session, 1941, as amended (Article 6687b, Vernon's Texas Civil Statutes)."[1] After hearing, the court is required to suspend the person's driver's license if it finds:

(1) that probable cause existed that such person was driving or in actual physical control of a motor vehicle on the highway or upon a public beach while intoxicated,

(2) that the person was placed under arrest by the officer and was offered an opportunity to give a specimen under the provisions of this Act, and

(3) that such person refused to give a specimen upon request of the officer . . .

TEX.REV.CIV.STAT.ANN. art. 6701*l*–5 § 2(f) (Vernon Supp.1991).

■ The question presented to this Court on appeal is whether a County Court at Law judge has the authority to probate the suspension of a person's driver's license after having found, pursuant to art. 6701*l*–5 § 2(f), that the person who was arrested for DWI, was offered an opportunity to give a breath or blood specimen, and refused to give such a breath or blood specimen. We hold that the judge does not have such authority.

As set out above, art. 6701*l*–5 § 2(f) provides that a hearing under this statute is to be set in the same manner as a hearing under art. 6687b § 22(a). Section 22(a) sets out in detail the manner in which a hearing shall be conducted after the Director of the DPS notifies a person that his license is to be suspended. It also provides that "[i]n the event of an affirmative finding, the licensee may appeal to the county court of the county where the hearing was held, said appeal to be tried de novo." *Id.*

Section 22(e) gives a judge holding a hearing under § 22(a) the authority to probate the suspension of the driver's license "when it appears to the satisfaction of the Court that the ends of justice and the best interest of the public as well as the defendant will be served thereby. . . ." However, the last sentence of § 22(e) provides that the authority to probate a license suspension "does not apply to an appeal under Section 31 of this Act for suspension of a

---

**1.** Section 4 of article 6701*l*–5 has similar language: "Appeals from all actions of the department under the Act in suspending, denying, or refusing to issue a license shall be governed by Chapter 173, Acts of the 47th Legislature, Regu-

lar Session, 1941, as amended (Article 6687b, Vernon's Texas Civil Statutes)." However, this section was enacted before enactment of the current art. 6701*l*–5 § 2.

driver's license or denial of operating privileges under Section 2, Chapter 434, Acts of the 61st Legislature, Regular Session, 1969 (Article 6701*l*–5, Vernon's Texas Civil Statutes)."

Section 31 of that Act provides that a person whose driver's license has been suspended has "the right to file a petition within (30) days after the date the order of the Department was entered for a hearing in the matter in the County Court at Law in the county wherein such person shall reside...." Failure to appeal makes an order "binding on the person to whom it pertains ... unless the person establishes that a hearing was timely requested, as provided by Section 24(g) of this Act *or Section 2(f), Chapter 434, Acts of the 61st Legislature, Regular Session, 1969 (Article 6701l–5, Vernon's Texas Civil Statutes,* but was not held." (emphasis added). Unlike § 22(a), § 31 allows the Department to appeal the justice court's ruling by filing a petition in the same manner as a licensee. Lastly, it requires that the trial on appeal to the County Court at Law shall be a trial de novo and the licensee shall have a right to trial by jury.

Quintero argues that the last sentence of § 22(e) does not apply to an appeal from a proposed license suspension order made pursuant to art. 6701*l*–5 § 2. She asserts that TEX.GOV'T CODE ANN. § 25.0332(b) (Vernon 1988) and art. 6687b § 22(a) give the County Court at Law jurisdiction to hear an appeal of a justice court's order suspending a driver's license pursuant to art. 6701*l*–5 § 2. Because the appeal from the justice court is under those two sections, she argues that the County Court at Law judge has authority to probate the license suspension under the first part of § 22(e). She further argues that because the County Court at Law has original concurrent jurisdiction with the justice of the peace Court, with the power to try the case de novo, the County Court at Law has the same authority as the justice court to probate the suspension of a driver's license. The last sentence in § 22(e) denying a County Court at Law judge authority to suspend a driver's license when hearing an appeal under art. 6687b § 31 cannot be construed as denying the County Court at Law judge that authority given a justice court, under the first part of § 22(e), to probate a license suspension. We disagree.

■ The right to an appeal in a license suspension proceeding does not exist in the absence of statutory authority since the entitlement to a driver's license is not a right but a privilege. *Texas Dep't of Pub. Safety v. Schaejbe,* 687 S.W.2d 727, 728 (Tex.1985). Section 25.0332(b) and (d) of the Government Code does not provide a right to a licensee to appeal a driver's license suspension; but rather provides a general right to appeal other types of cases heard in justice courts. Section 6701*l*–5, on the other hand, provides that a hearing contesting a proposed driver's license suspension shall be set in the same manner as a hearing under art. 6687b, § 22(a). Although both sections 22(a) and 31 of art. 6687b provide for a right to an appeal from a justice court's decision to the County Court at Law, we hold that driver's license suspension hearings involving an alleged breath test refusal are appealed under art. 6687b § 31.

The San Antonio and Amarillo Courts of Appeals have both addressed the issue of whether a County Court at Law judge has the authority to probate the suspension of a driver's license made pursuant to art. 6701*l*–5. In *Texas Dep't of Pub. Safety v. Sefcik,* 751 S.W.2d 239 (Tex.App.—San Antonio 1988, no writ), the Court of Appeals stated that the legislative amendment adding this sentence to § 22(e) "specifically withdrew the court's discretion to grant probation in breath test refusal cases brought under article 6701*l*–5." *Id.* at 240. Although it did not address the issue of under what section of art. 6687b an appeal from justice court is brought, it assumed the appeal was brought pursuant to § 31.

The Amarillo Court of Appeals, however, in *Texas Dep't of Pub. Safety v. Sanchez,* 780 S.W.2d 502 (Tex.App.—Amarillo 1989, no writ), squarely addressed the issue before us. Analyzing the recent changes in the law which repealed § 22(c) and the specific language in § 22(e) and article 6687b

§ 31, it held that § 31 of that Act gave County Courts at Law jurisdiction to hear appeals from driver's license suspensions ordered by justice courts pursuant to art. 6701*l*–5. It reasoned that an appeal from a license suspension order under 6701*l*–5 could only be made under § 31 "since that is the only section of the Act specifically authorizing an appeal by the Department and to hold otherwise would effectively negate that authorization." *Sanchez*, 780 S.W.2d at 505. It also determined that the addition of the last sentence in § 22(e) was "the obvious legislative reaction" to *Texas Dep't of Pub. Safety v. Preston*, 727 S.W.2d 325 (Tex.App.—Houston [1st Dist.] 1987, writ ref'd n.r.e.), in which the First Court of Appeals held that a County Court at Law judge had the authority to probate a driver's license suspension for the refusal to submit to a breath test. It further stated:

> Moreover, the last sentence of section 22(e) is the only portion of article 6687b which contains a specific reference to license suspensions and denial of operating privileges by virtue of article 6701*l*–5. That reference, coupled by the legislature's reference to appeals arising under section 31, seems to be clear evidence of legislative intent. That legislative intent, we perceive, is that appeals such as the instant one, arise under section 31 and that probation of a license suspension by the county court at law is not an allowable option and is not available in a proceeding such as the instant one.

*Sanchez*, 780 S.W.2d at 505–06.

We agree with the reasoning and holding in *Sanchez*. It hardly seems logical that the legislature would have amended § 22(e) making reference to art. 6701*l*–5 unless it intended that County Court at Law judges hearing appeals from license suspensions for breath test refusals not have the authority to probate the suspension of a license. As the *Sanchez* Court stated:

> [W]e are instructed that the legislature, in enacting a statute, intended the entire statute to be effective, and that a result just and reasonable and feasible of execution is intended with the public interest being favored over any private inter-

est. . . . [I]n construing a statute we may consider the object sought to be a [sic] attained, the circumstances under which the statute was enacted and the consequences of a particular construction.

*Sanchez*, 780 S.W.2d at 505. To construe the last sentence of § 22(e) as not applying to appeals from license suspensions for breath test refusals would be to ignore the obvious legislative intent in enacting these changes and in including § 31 as part of art. 6687b.

We believe that further evidence of the legislative intent that jurisdiction for appeals from license suspension orders by justice court arise under § 31 is found in the § 31 reference to art. 6701*l*–5. After specifying the manner in which an appeal from a justice court's order is to be taken, § 31 states that the order of the Department is binding on the licensee unless the licensee appeals the suspension under § 31 or "unless the person establishes that a hearing was timely requested, as provided by Section 24(g) of this Act or Section 2(f), Chapter 434, Acts of the 61st Legislature, Regular Session, 1969 (Article 6701*l*–5, Vernon's Texas Civil Statutes), but was not held." This reference to art. 6701*l*–5 in § 31, suggests that the legislature intended that hearings before justice courts on the Director's proposed license suspension pursuant to art. 6701*l*–5 be held in the manner set out in § 22(a) of art. 6687b, but that County Court at Law jurisdiction for hearing appeals from a justice court's order of suspension was to be under § 31.

In summary, art. 6701*l*–5 § 2(f) directs the Director of the Texas Department of Public Safety to suspend, for a period of 90 days, the driver's license of a person who refuses to provide a breath specimen upon proper request by a peace officer. This Act gives a person who desires to contest the Director's proposed suspension the right to a hearing before a justice of the peace, the mayor of the city or a judge of the police court. Section 22(a) provides the manner in which a hearing before one of these officials is to be set. A party, whether the licensee or the Department, who

**154**

disagrees with the outcome of the hearing conducted pursuant to § 22(a) may appeal the decision to a County Court at Law judge for a trial de novo. Although § 22(a) provides for a right to appeal for other types of license suspensions to the County Court at Law, the County Court at Law's jurisdiction for appeals from suspensions under art. 6701*l*–5 is found in art. 6687b § 31. Section 22(e) of art. 6687b denies a County Court at Law judge the authority to probate the suspension of a driver's license made pursuant to art. 6701*l*–5.

 Quintero also argues that the County Court at Law judge has equitable powers to probate a license suspension made pursuant to art. 6701*l*–5. This ignores the fact that County Court at Law judges have only that authority granted to them under statute. In this instance, because a right to an appeal in a license suspension hearing does not exist in the absence of statutory authority, a County Court at Law judge's only authority for hearing this appeal is that given to him under art. 6687b. *See Texas Department of Public Safety v. Duarte*, 809 S.W.2d 611 (Tex.App.—Corpus Christi, 1991). Because that statute prohibits granting probation in license suspension hearings resulting from breath test refusals, he would not otherwise have equitable powers to do that which the law does not allow him to do.

Quintero also argues that denying a County Court at Law judge the right to probate a license suspension under art. 6701*l*–5 penalizes such an individual for exercising his right to appeal, in violation of the Due Process clause of the Fourteenth Amendment to the United States Constitution. Again, we must emphasize that there is no right to an appeal from a license suspension proceeding in the absence of statutory authority. Therefore, limiting a court's authority to grant probation in a license suspension proceeding would not violate the Due Process clause of the Fourteenth Amendment. Due Process would require, at most, the right to a hearing prior to the suspension of a driver's license. The property interest involved does not rise to the level that would require

a right to an appeal, absent statutory authority.

The judgment of the trial court is therefore REFORMED to eliminate the portion of the judgment that probates the license suspension and, as MODIFIED, we AFFIRM the trial court's judgment.