TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00452-CV







Ellis H. Gilleland, Appellant



v.



Guy A. Sheppard, Secretary of the Texas State Board of


Veterinary Medical Examiners, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 250TH JUDICIAL DISTRICT


NO. 91-12246, HONORABLE MARGARET A. COOPER, JUDGE PRESIDING







PER CURIAM



 Appellant Ellis H. Gilleland challenges an adverse judgment on his petition for writ
of mandamus against appellee Guy A. Sheppard, in his capacity as Secretary of the Texas State
Board of Veterinary Medical Examiners (Board). Gilleland seeks to compel Sheppard to initiate
a contested case proceeding against two veterinarians, claiming that 22 Texas Administrative Code
section 575.9 created a ministerial duty that Sheppard must perform. 

 Gilleland originally filed his petition for writ of mandamus on August 28, 1991. 
A hearing on the petition was held on October 24, 1991. Without reaching the merits, the trial
court dismissed the petition with prejudice after it found that Gilleland had filed frivolous and
groundless motions. This Court reversed the dismissal because we concluded that the dismissal
did not meet the standards set by the Texas Supreme Court for death-penalty sanctions since the
trial court had not first considered the imposition of lesser sanctions. Gilleland v. Sheppard,
No. 03-92-00183-CV (Tex. App.--Austin Nov. 3, 1993, no writ) (not designated for publication);
see TransAmerican Natural Gas Corp. v. Powell, 811 S.W.2d 913 (Tex. 1991). On remand,
Sheppard filed a "Suggestion of Mootness" which was heard on May 3, 1994. The trial court
dismissed the mandamus action as moot because an amendment to section 575.9 clearly made the
act Gilleland seeks to compel discretionary. We will affirm the trial court's judgment.



I.  Hearing on the "Suggestion of Mootness"

 In points of error one, three, and twenty-three, Gilleland complains that the trial
court erred in conducting the May 3, 1994 hearing because the case was "under submission" to
the Honorable Joseph Hart. Gilleland's complaint is that Judge Hart, the judge who heard the
merits of the original case, should also have heard the "Suggestion of Mootness." Gilleland cites
Texas Rules of Civil Procedure 1 and 301, Canon 3(B)(9) of the Code of Judicial Conduct, and
the due process clauses of the U.S. and Texas constitutions as authority. See U.S. Const. amend.
V, XIV; Tex. Const. art. I, § 19. None of the authorities cited guarantee that a specific judge in
Travis County will hear a motion filed in a pending case. The trial court specifically considered
whether it was appropriate under the local rules (1) to hear the case and decided that it was. 
Gilleland does not present us with any authority that indicates the decision was an abuse of
discretion. We overrule points of error one, three, and twenty-three.

 Point of error two complains that the dismissal hearing did not comply with the
mandate of this Court, which had reversed the earlier dismissal and remanded the case to the trial
court. We held only that the trial court had erred because it had not considered lesser sanctions
before striking Gilleland's motions and dismissing his case with prejudice. A general remand
does not guarantee a hearing on the merits if one is not warranted. Stein v. Highland Park Indep.
Sch. Dist., 574 S.W.2d 807, 808 (Tex. Civ. App.--Texarkana 1978, writ dism'd) (trial court had
discretion to dismiss case remanded for trial when plaintiff did not comply with its subsequent
order to replead). Point of error two is overruled.



II.  Res Judicata

 In point of error four, Gilleland complains that res judicata precluded the trial
court's consideration of the mootness issue because this Court had already addressed the issue on
a motion for rehearing. We disagree. Sheppard filed a motion for rehearing when we reversed
the first dismissal in this case, protesting that he should not be assessed all costs of the appeal. 
The basis for his argument was two-fold: first, that Gilleland had filed unneeded portions of the
record and had failed to file needed portions, and alternatively, that Gilleland should bear the costs
of appeal since the case had become moot while on appeal. This Court simply overruled the
motion; our ruling did not address the merits of the mootness argument. We overrule point of
error four.




III. Findings of Fact

 In points of error six through ten, Gilleland complains of various findings of fact
on the basis that they are not properly findings of fact or that they misstate facts. His arguments
are without merit. We overrule points of error six through ten.



IV.  No Hearing on Motion

 In point of error twenty, Gilleland complains that the trial court abused its
discretion by not setting and hearing his "Objection to Kangaroo Court Order." He cites Texas
Rule of Civil Procedure 1; Code of Judicial Conduct, Canons 3(A) and (B)(2),(5),(6),(8) and (9);
and the due process clauses of the United States and Texas Constitution. See U.S. Const. amend.
V, XIV; Tex. Const. art. I, § 19. None of the authority cited is pertinent. The trial court's
decision to hold a hearing on a motion for a new trial (2) is discretionary if the objection involves
only legal issues. University of Tex. v. Morris, 352 S.W.2d 947, 949 (Tex. 1962)("Whether the
court will hear the movant on his motion is a matter within the discretion of the trial court when
it presents solely a question of law"). We overrule point of error twenty.



V.  Description of Case

 Point of error twenty-one, which takes issue with the statement in the judgment that
Gilleland "demands the Veterinary Board docket a case against two veterinarians," is without
merit. We overrule point of error twenty-one.



VI.  Retroactive Application of an Amendment to section 575.9

 In points of error five, eleven through nineteen, and twenty-two, Gilleland
complains that the trial court erred by holding that 22 Texas Administrative Code section 575.9,
as revised effective July 27, 1992, mooted his petition for writ of mandamus because he filed his
complaint with the Board on March 26, 1990 and his petition for writ of mandamus on August
28, 1991. We disagree.

 Analysis of the retroactivity of a regulation requires consideration of two issues:
first, whether the agency intended that the regulation be retroactively applied, and second, 
whether retroactive application would violate constitutional provisions.



 A. Whether the 1992 amendments to section 575.9 were intended to apply
retroactively


 We first consider whether the Board intended the 1992 amendments to section
575.9 to apply retroactively. Section 575.9 has been amended twice. After the second
amendment, effective July 27, 1992, the section now reads:



Upon receipt of a complaint in which sufficient evidence exists to have a good
cause to believe that violations of the Veterinary Licensing Act, Texas Civil
Statutes, Article 8890, and/or rules of professional conduct [sic], (3) the board
secretary shall cause the complaint to be docketed as a pending proceeding and
shall cause notice to be served thereon by certified or registered mail.



22 Tex. Admin. Code § 575.9 (West 1995).

 Generally, courts presume that a regulation operates prospectively rather than
retroactively. Ex Parte Abell, 613 S.W.2d 255, 258 (Tex. 1981). A regulation will not be
applied retroactively unless it appears that the agency intended to apply it to both past and future
transactions. Id. In this case, the agency expressed its intent regarding the 1992 amendments in
the preamble to the proposed amendments: 



The Texas Board of Veterinary Medical Examiners proposes an amendment to
§ 575.9 concerning docketing and numbering of causes, and service in order to
clarify the original intent of the rule. The rule as presently written could be
misinterpreted to imply that the secretary dockets all complaints received for board
action, when in fact the original intent was that the board secretary, rather than
the executive director, dockets complaints for board action when the board
secretary feels that action is warranted.



17 Tex. Reg. 2176 (March 24, 1992) (emphasis added).

 Clearly, the agency saw the amendment of the regulation as a clarification of an
existing rule rather than a change. The amendment of the rule may, as Gilleland protested below,
be self-serving. However, absent constitutional prohibitions, the Board could have promulgated
a new regulation and provided that it apply to all pending cases. See Texas Dep't of Health v.
Long, 659 S.W.2d 158, 160 (Tex. App.--Austin 1986, no writ); see also Texas Water Comm'n v.
Wright, 464 S.W.2d 642, 648-49 (Tex. 1971). Since the Board intends for the amendments to
section 575.9 to apply to all pending cases, the presumption that the rule should be applied
prospectively is rebutted. Further, the agency's intent prevails unless constitutional prohibitions
prescribe retroactive application. 



 B.  Whether retroactive application of section 575.9 would violate  constitutional
prohibitions

 We now consider whether retroactive application of the amendments to section
575.9 would violate constitutional prohibitions. Article I, section 16 of the Texas Constitution
prohibits laws that impair vested rights. (4) Gilleland claims that he had the vested right to require
the Secretary to docket a case before the regulation was changed. We hold that Gilleland did not
have a vested right to have the case docketed because (1) section 575.9, before the 1992
amendment, did not require the Secretary to docket every complaint received, and (2) even if
section 575.9 had required the Secretary to docket every complaint, the docketing of the complaint
is procedural and remedial and therefore did not create a vested right that precludes retroactive
application of the subsequent rule change.



 1. Whether section 575.9, before the 1992 amendment, created a
mandatory duty to docket a case


 After the first amendment, effective March 22, 1988, section 575.9 provided:



Upon receipt of a complaint or other pleading, which is intended to institute a
contested proceeding before the board and complies with these sections as to form
and content, the board secretary shall cause to be docketed the same as a pending
proceeding and shall cause notice to be served thereon by personal service or
registered mail.



12 Tex. Reg. 3815 (October 16, 1987) (proposed) (deletions omitted); 13 Tex. Reg. 1189 (March
8, 1988) (adopted).

 This version, in effect when Gilleland filed his complaint, was ambiguous because
it does not provide who must intend the complaint to institute a contested proceeding. However,
the agency stated its interpretation in its comments when it adopted the amendments:



The amendment requires the board secretary, who is a DVM, to docket cases being
brought before the board.


The amendment requires that a licensed practitioner (board secretary) determine
which complaints will be brought before the board for disciplinary action and
allows for service of such hearing to be made by registered mail.



13 Tex. Reg. 1189 (March 8, 1988) (emphasis added).

 An agency's interpretation of its rules is entitled to deference by the courts. Public
Util. Comm'n v. Gulf States Utils. Co., 809 S.W.2d 201, 207 (Tex. 1991); North Alamo Water
Supply Corp. v. Texas Dep't of Health, 839 S.W.2d 448, 455 (Tex. App.--Austin 1992, writ
denied). "Our review is limited to determining whether the administrative interpretation 'is plainly
erroneous or inconsistent with the regulation.'" Gulf States Utils. Co., 809 S.W.2d at 207
(quoting United States v. Larionoff, 431 U.S. 864, 872 (1977)). In this case, the agency's
interpretation comports with the statutes regulating the Board, which clearly anticipate that some
complaints will be dismissed. See Tex. Rev. Civ. Stat. Ann. art. 8890, § 18B(a)(3) (West Supp.
1995) (Board shall keep record of explanation of the legal basis and reason for a complaint that
is dismissed). Also, the agency's interpretation comports with general ideas of administrative
efficiency, which recognize that prosecutorial entities must exercise discretion in choosing which
cases to pursue. See, e.g. Lewright v. Bell, 63 S.W.2d 623, 624 (Tex. 1901) (mandamus
inappropriate because, in spite of mandatory language of statute, attorney general exercises
discretion in deciding which cases to bring because he must find that there is reasonable ground
to believe that statute has been violated and that evidence necessary to successful prosecution of
suit can be procured). We conclude that the agency's interpretation that section 575.9 allowed
the Secretary discretion in initiating contested case hearings is not plainly erroneous or
inconsistent with the regulation.



 2. Whether section 575.9 created a "vested right"

 Further, even if the agency's interpretation of the 1988 version of section 575.9
is erroneous, the 1992 amendment applies retroactively unless the earlier version created a vested
right in Gilleland to have his complaint docketed. Laws may not operate retroactively to eliminate
or impair vested substantive rights acquired under existing laws, nor may they create new
obligations, impose new duties, or adopt new disabilities in respect to past transactions or
considerations. Abell, 613 S.W.2d at 260. A "vested right" must be more than a mere
expectation that the present laws will continue; it must be an entitlement to the present or future
enjoyment of a demand or a legal exemption from the demand made by another. Id. at 261. 
Further, no litigant has a vested right in statutes or rules which affect a remedy or are procedural
in nature. Id. 

 Gilleland's claim that section 575.9 created a right to have his complaint brought
before the board may best be analogized to a claim based on a statutory cause of action, although
the "right" Gilleland claims is not as strong as the right to a cause of action since the state, not
Gilleland, is the real party in interest in a disciplinary proceeding. See Tex. Rev. Civ. Stat. Ann.
art. 8890(7)a and 8(a) (Board effectuates Veterinary Licensing Act and sets rules of professional
conduct); 14B(a) (Board imposes administrative penalties). Generally, if a cause of action is based
on a statute, the repeal or amendment of that statute is given immediate effect. Knight v.
International Harvester Credit Corp., 627 S.W.2d 382, 384 (Tex. 1982); Dickson v. Navarro
County Levee Improvement Dist. No. 3, 139 S.W.2d 257, 259 (Tex. 1940); Aetna Ins. Co. v.
Richardelle, 528 S.W.2d 280, 285-86 (Tex. Civ. App.--Corpus Christi 1975, no writ). Since a
cause of action expires upon amendment of the statute that created it, any right to have the case
docketed expired upon amendment of the regulation that purportedly created such a right. (5)

 Gilleland relies on Texas Department of Public Safety v. Seifcik, 751 S.W.2d 239
(Tex. App.--San Antonio 1988, no writ), to support his argument that the changes to section 575.9
cannot be applied retroactively. The statute at issue in Seifcik eliminated a trial judge's discretion
to grant probation when the suspect in a driving while intoxicated case refused to take a breath
test. The court held that retroactive application of the amended law would be unconstitutional
because it would deprive the accused of substantial protection. Id. at 240. Seifcik is
distinguishable because it involved the imposition of a new disability rather than the elimination
of a vested right. Further, the underlying rationale was that it would be unfair for an accused to
have chosen a particular course in reliance on existing law, only to have that law change. Id.
(denying probation would impose new disability "unforeseen at the time he elected to refuse the
breath test offered by the police"); see also Wright, 464 S.W.2d at 649 (changing position in
reliance on law may create a vested right). Gilleland did not change his position in reliance on
the prior regulation.

 Gilleland's claim is a claim to a particular remedy. No person has a vested right
to a particular remedy according to law. Aetna Ins., 528 S.W.2d at 284. Gilleland still had the
right to file a complaint and to have the complaint investigated. He simply did not, as he expected
to, have the entire Board hear his complaint. To the extent it existed, such a right was remedial
and procedural and did not create a vested right.



 3. Conclusion regarding constitutional prohibitions to retroactive
application of section 575.9

 We conclude that the docketing of a complaint is remedial and procedural rather
than substantive. Therefore, even if the prior rule had required the Secretary to docket all
complaints, that rule did not create a vested right that precludes application of the 1992
amendment. 



 C. Whether the Petition is Moot

 Points of error seventeen and eighteen additionally challenge the trial court's
conclusion that the petition for writ of mandamus is moot. A matter becomes moot when it does
not rest on an existing right. State v. Gibson Products Co., Inc., 699 S.W.2d 640, 641 (Tex.
App.--Waco 1985, no writ); James v. City of Round Rock, 630 S.W.2d 466, 467 (Tex.
App.--Austin 1982, no writ). A case may become moot when new legislation or acts are passed
which supersede existing legislation. Gibson, 699 S.W.2d at 641 (State's suit to enjoin violations
of Blue Laws moot when Blue Laws repealed); Long, 659 S.W.2d at 161 (suit to enjoin
department from violating its own rule moot when rule eliminated); James, 630 S.W.2d at 467-68
(suit challenging zoning ordinance moot when ordinance repealed). A matter becomes moot when
the sought-for relief cannot be granted. James, 630 S.W.2d at 469. 

 Gilleland argues that his petition for writ of mandamus is not moot because either
version of section 575.9 allows the remedy he seeks. The current version of section 575.9
certainly allows the Secretary to docket the cases he deems appropriate. However, a writ of
mandamus will not issue to compel the performance of discretionary acts. Anderson v. City of
Seven Points, 806 S.W.2d 791, 793 (Tex. 1991). Therefore, Gilleland has no right to a
mandamus under the current rule.

 Gilleland further argues that his cause is not moot because the changes to section
575.9 do not apply retroactively. We have already concluded that the amendments to section
575.9 do apply retroactively. Since the petition for writ of mandamus was based on the prior
regulation, and the prior regulation does not determine the outcome, a valid controversy no longer
exists. Accordingly, we hold that the petition for writ of mandamus is moot. We overrule points
of error five, eleven through nineteen, and twenty-two.




VII.  Conclusion

 Finding no merit in the points of error, we affirm the trial court's judgment.


Before Justices Powers, Kidd and B. A. Smith

Affirmed

Filed: May 3, 1995

Do Not Publish
1.   Travis County has a centralized docket system whereby any of the district judges in the
county can hear and decide any case set for submission on the central docket.
2.   The character of a motion is judged by its substance rather than by its form or caption. 
U.S. Fire Ins. Co. v. State, 843 S.W.2d 283, 284 (Tex. App.--Austin 1992, writ denied). Since
Gilleland's "Objection to Kangaroo Court Order" complained of the judgment and asked that it
be vacated, it is in effect a motion for a new trial.
3. It appears that the regulation should read "upon receipt of a complaint in which sufficient
evidence exists to have a good cause to believe that violations of the Veterinary Licensing Act,
Texas Civil Statutes, Article 8890, and/or rules of professional conduct have occurred. . . ." 
We read the words "have occurred" into the regulation since courts add words or phrases
when necessary to effectuate the intent of the regulation. See Sweeny Hosp. Dist. v. Carr, 378
S.W.2d 40, 47 (Tex. 1964).
4. Article I, Section 16 provides:

 

No bill of attainder, ex post facto law, retroactive law, or any law impairing the
obligation of contracts, shall be made.
5.   Other cases finding that changes in law could be retroactively applied even though they
affected pending cases include Abell, 613 S.W.2d at 262 (promulgation of statute creating
evidentiary privilege); Exxon Corp. v. Brecheen, 526 S.W.2d 519, 525 (Tex. 1975)(change in
statute concerning admissible evidence); Regal Properties v. Donovitz, 479 S.W.2d 748, 751
(Tex. Civ. App.--Dallas 1972, writ ref'd n.r.e.)(change in jurisdiction of court in which
litigation was pending).