TEXAS DEPARTMENT OF PUBLIC
SAFETY, Appellant,

v.

David Alton KELTON, Appellee.

No. 08–93–00150–CV.

Court of Appeals of Texas,
El Paso.

March 25, 1994.

Jose Rodriguez, County Atty., Karen
Brock, Edmundo Lijo, Asst. County Attys.,
El Paso, for appellant.

Albert A. Biel, Jr., El Paso, for appellee.

Before BARAJAS, C.J., and KOEHLER
and LARSEN, JJ.

## OPINION

BARAJAS, Chief Justice.

This is an appeal from the judgment of a
County Court at Law dismissing the appeal
of the Texas Department of Public Safety in
a driver's license suspension case, for want of
jurisdiction. We reverse the judgment of the
trial court.

### I. PROCEDURAL HISTORY

Appellee was arrested on October 27, 1991
for the offense of driving while intoxicated.
At the time of his arrest, it was requested
that he submit a specimen of his breath in
order to determine the alcoholic content of

his blood. Appellee refused to submit such a specimen. On March 17, 1992, a hearing was conducted before the judge of the Municipal Court of the City of El Paso. The hearing was held pursuant to TEX.REV.CIV.STAT. ANN. art. 6701l–5, § 2(f) to determine whether the Appellee's driver's license should be suspended.[1] The Municipal Court found that the statutory requirements for license suspension for refusal to take a breath test existed. The parties agree that the findings of the Municipal Court were correctly entered. The Municipal Judge then ordered that Appellee's driver's license be suspended for the requisite 90–day period, but probated the suspension.

Appellant, questioning the authority of a municipal court to probate the above mandatory suspension, filed its timely request for a trial *de novo* with County Court at Law No. 5 in El Paso County. On April 2, 1993, a hearing was held in County Court at Law No. 1, at which time the trial court granted Appellee's motion to dismiss the appeal for want of jurisdiction. In dismissing the appeal, the trial court entered the following findings of fact and conclusions of law:

1. A Municipal Court Judge or a Justice of the Peace, hearing a Blood/Breath Test refusal case under the provisions of Article 6701l–5, V.T.C.S., Section 2, paragraphs (f) and (g), has the authority to order a probation of any suspension ordered.

2. Said authority to order probation of any suspension is based on Attorney General Opinion JM–959 and Article 6687b, V.T.C.S., Section 22(e).

3. The Texas Department of Public Safety was the prevailing party at the administrative hearing in the Justice of the Peace Court in this case.

4. Because the Texas Department of Public Safety was the prevailing party at

the administrative level it has no right to appeal since there was no harm.

5. The Court dismissed the Texas Department of Public Safety's appeal, trial de novo, for want of jurisdiction.

## II. *DISCUSSION*

In three points of error, Appellant asserts that the trial court erred in dismissing its appeal, in failing to suspend Appellee's driving privileges for 90 days, given the parties' stipulation that all three elements of Section 2(f) of Article 6701l–5 were met, and in finding that a municipal court judge or a justice of the peace hearing a breath refusal case under the provisions of article 6701l–5 has statutory authority to order probation of the suspension.

■ In Point of Error No. One, Appellant states that the trial court erred by dismissing their appeal for want of jurisdiction. In response, Appellee maintains that the trial court correctly dismissed the appeal insofar as an appealing party must be aggrieved. Appellee further states that the above common law principle must be applied in the instant case in order to give full effect to the statutory scheme created by the legislature. On review, Appellee concedes that the central issue to be resolved for the proper disposition of the instant case is whether a County Court at Law has the discretion to dismiss a statutorily authorized appeal, trial *de novo*, for want of jurisdiction, where the Texas Department of Public Safety has purportedly suffered no harm.

■ At common law, it is a fundamental principle of appellate review that a party on appeal may not complain of errors that do not injuriously affect him or that merely affect the rights of others. *Buckholts Indep. School Dist. v. Glaser*, 632 S.W.2d 146 (Tex. 1982); *Jackson v. Fontaine's Clinics, Inc.*,

---

1. TEX.REV.CIV.STAT.ANN. art. 6701l–5, § 2(f) provides in pertinent part as follows:

The hearing shall be set in the same manner as a hearing under [Article 6687b § 22(a)]. If, upon such hearing the court finds (1) that probable cause existed that such person was driving or in actual physical control of a motor vehicle on the highway or upon a public beach while intoxicated, (2) that the person was

placed under arrest by the officer and was offered an opportunity to give a specimen under the provisions of this Act, and (3) that such person refused to give a specimen upon request of the officer, then the Director of the Texas Department of Public Safety shall suspend the person's license or permit to drive ... for a period of 90 days as ordered by the court.

499 S.W.2d 87, 92 (Tex.1973); *County of El Paso v. Ortega*, 847 S.W.2d 436, 441 (Tex. App.—El Paso 1993, no writ).[2] Consequently, Appellee is correct in stating that the right to appeal rests only in an aggrieved party to a lawsuit. *Southern Nat'l Bank of Houston v. City of Austin*, 582 S.W.2d 229, 235 (Tex.Civ.App.—Tyler 1979, writ ref'd n.r.e.); *County of El Paso v. Ortega*, 847 S.W.2d at 442. An aggrieved party is one who has an interest recognized by law which is injuriously affected by the trial court's judgment. *Southern Nat'l Bank of Houston v. City of Austin*, 582 S.W.2d at 235. Appellee suggests that Appellant, having generally prevailed in the municipal court below, has no justiciable interest on appeal to the County Court at Law.[3] In order to be a justiciable interest, there must be an actual controversy between parties who have conflicting personal stakes. *City of West Univ. Place v. Martin*, 132 Tex. 354, 123 S.W.2d 638, 639 (1939); *County of El Paso v. Ortega*, 847 S.W.2d at 442. Texas courts only have power over litigants with justiciable interests. *Camarena v. Tex. Employment Comm'n*, 754 S.W.2d 149, 151 (Tex.1988); *Morrow v. Corbin*, 122 Tex. 553, 62 S.W.2d 641, 647 (1933).

■ The right to appeal a driver's license suspension proceeding does not exist in the absence of statutory authority. *Texas Dept. of Public Safety v. Schaejbe*, 687 S.W.2d 727, 728 (Tex.1985); *Texas Dept. of Public Safety v. Quintero*, 818 S.W.2d 149, 152 (Tex.App.—Corpus Christi 1991, no writ); *Texas Dept. of Public Safety v. Sanchez*, 780 S.W.2d 502, 505 (Tex.App.—Amarillo 1989, no writ). Hence, if statutory authority existed for Appellant to appeal a decision entered in a

driver's license suspension proceeding, general common law principles of appellate review which require that the appealing party be aggrieved are inapplicable to the instant case.

At the time the Municipal Court ordered the suspension and probation of Appellee's driving privileges, driver's license suspension hearings involving an alleged breath test refusal were appealed pursuant to TEX.REV.CIV. STAT.ANN. art. 6687b, § 31 (Acts 1987, 70th Leg., ch. 1127, § 6, eff. Sept. 1, 1987). *Texas Dept. of Public Safety v. Quintero*, 818 S.W.2d at 152. At the time, Article 6687b, Section 31 provided in pertinent part as follows:

> Sec. 31. RIGHT OF APPEAL TO COURTS. Any person whose driver's license has been suspended or revoked after an administrative hearing under Section 22(a) of this Act, any person whose license suspension has been probated under Section 22(e) of this Act, and any person denied a license or whose driver's license has been canceled by the Department, except where such cancellation, suspension, or revocation is automatic under the provision of this Act, shall have the right to file a petition within thirty (30) days after the date the order of the Department was entered for a hearing in the matter in the County Court at Law ... and such court is hereby vested with jurisdiction ... **The Department may appeal the ruling of the judge or officer presiding at the hearing by filing a petition in the manner provided by this section.**

**2.** Other cases reflecting this universally recognized rule include: *K.B. v. N.B.*, 811 S.W.2d 634, 641 (Tex.App.—San Antonio 1991, writ denied); *Sheldon L. Pollack Corp. v. Falcon Ind., Inc.*, 794 S.W.2d 380, 384 (Tex.App.—Corpus Christi 1990, writ denied); *Ferguson v. DRG/Colony North, Ltd.*, 764 S.W.2d 874, 885 (Tex.App.—Austin 1989, writ denied); *Adams v. Petrade Int'l, Inc.*, 754 S.W.2d 696 (Tex.App.—Houston [1st Dist.] 1988, writ denied); *Singleton v. Terrell*, 727 S.W.2d 688, 691 (Tex.App.—Texarkana 1987, no writ); *Hawkins v. Texas Oil and Gas Corp.*, 724 S.W.2d 878, 890 (Tex.App.—Waco 1987, writ ref'd n.r.e.); *Pierson v. Houston Indep. School Dist.*, 698 S.W.2d 377, 381 (Tex.App.—Houston [14th Dist.] 1985, writ ref'd n.r.e.); *Valero v.*

*State*, 664 S.W.2d 728, 730 (Tex.App.—Beaumont 1983, writ ref'd n.r.e.); *Determan v. City of Irving, Texas*, 609 S.W.2d 565, 568 (Tex.Civ.App.—Dallas 1980, no writ); *City of Houston v. Public Utility Comm'n of Texas*, 599 S.W.2d 687, 689 (Tex.Civ.App.—Austin 1980, writ ref'd n.r.e.).

**3.** Although the parties to this appeal are in agreement that the El Paso Municipal Court correctly suspended Appellee's driving privileges, Appellant, in appeal the decision to the County Court at Law, *de novo*, takes issue with the authority of the Municipal Court to probate the otherwise mandatory suspension. *See* TEX.REV.CIV.STAT.ANN. art. 6687b, § 22(e).

The trial on appeal as herein provided for shall be a trial de novo and the licensee shall have the right of trial by jury.

The filing of a petition of appeal as provided by this section shall abate an order of suspension, probated suspension, revocation, or cancellation until the trial herein provided for shall have been consummated and final judgment thereon is had. [Emphasis added].

The Amarillo Court of Appeals, in *Texas Dept. of Public Safety v. Sanchez,* held that appeal from a license suspension order under TEX.REV.CIV.STAT.ANN. art. 6701l–5 can only be made pursuant to Article 6687b, Section 31, since it is the only section of the Act specifically authorizing an appeal by the Department and to hold otherwise would effectively negate that authorization. *Texas Dept. of Public Safety v. Sanchez,* 780 S.W.2d at 505. We agree with the reasoning and holding in *Sanchez* and likewise hold that TEX. REV.CIV.STAT.ANN. art. 6687b, § 31 specifically confers on the Texas Department of Public Safety the right to appeal a ruling of the judge or officer presiding at the hearing by filing a petition in the manner provided by this section. Further, the statutory authority is clear that the trial on appeal shall be a trial *de novo.*

We hold that the trial court erred in finding that because the Texas Department of Public Safety was the prevailing party at the administrative level it has no right to appeal since there was no harm. We further find that the trial court abused its discretion and therefore erred in dismissing Appellant's appeal, trial de novo, for want of jurisdiction. Accordingly, Appellant's Point of Error No. One is sustained.

■ In Point of Error No. Two, Appellant contends that the trial court erred in finding that a municipal court judge or a justice of the peace, hearing a blood/breath test refusal case under the provisions of Article 6701l–5, TEX.REV.CIV.STAT.ANN. Section 2, paragraphs (f) and (g), has the authority to order a probation of any suspension ordered.

TEX.CODE CRIM.PROC.ANN. art. 4.03 (Vernon Supp.1994) provides that Courts of Appeals shall have criminal jurisdiction, except in death penalty cases, but not if the fine imposed by a county court does not exceed $100, unless the sole issue is the constitutionality of the statute or ordinance on which the conviction is based. In *Lopez v. State,* 649 S.W.2d 165 (Tex.App.—El Paso 1983, no pet.), Justice Schulte wrote:

In this case, full appellate review is not available at this level of court. The fine assessed by the trial court did not exceed $100.00. This Court is without jurisdiction to review such cases unless the sole ground of error is the constitutionality of the statute or ordinance allegedly violated. Tex.Code Crim.Pro.Ann. art. 4.03 (Vernon Supp.1982). The appeal in this case was not so limited.

In this case, the constitutionality of the statute in question is not the **sole** issue on appeal. Any opinion rendered by this Court as to whether a municipal judge or a justice of the peace may or may not probate the suspension of driving privileges, given the fact of the instant case, would be advisory in nature. Neither the Texas Constitution nor our State legislature has vested this Court with the authority to render advisory opinions. *See* TEX.CONST. art. II, § 1; *Camarena v. Tex. Employment Comm'n,* 754 S.W.2d at 151; *United Services Life Ins. Co. v. Delaney,* 396 S.W.2d 855, 861 (Tex.1965); *Morrow v. Corbin,* 62 S.W.2d at 647; *County of El Paso v. Ortega,* 847 S.W.2d at 442. Appellant's Point of Error No. Two is dismissed for want of jurisdiction.

Having sustained Appellant's first point of error, and dismissed the second point, we need not address Point of Error No. Three. The judgment of the trial court is reversed and remanded for trial *de novo* on the merits.