

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| | § | No. 08-13-00269-CV |
| IN THE MATTER OF | § | |
| | | Appeal from |
| THE GUARDIANSHIP OF | § | |
| | | Probate Court No. 2 |
| FRANCIS J. SIMMONS, | § | |
| | | of El Paso County, Texas |
| AN INCAPACITATED PERSON. | § | |
| | | (TC # 2013CGD01489) |
| | § | |

**O P I N I O N**

Sawaar Simmons appeals from an order appointing Private Professional Fiduciaries, Inc. (PPF) as permanent guardian of the person and estate of his father, Francis Simmons. For the reasons that follow, we affirm.

**FACTUAL SUMMARY**

Francis Simmons is 79 years old and has two sons, Sawaar Simmons and Amilious Simmons.[1] On April 9, 2013, Amilious filed an application seeking to be appointed as the permanent guardian of the person and estate of his father. Amilious also sought a temporary restraining order and temporary injunction against Sawaar. Amilious supported his guardianship application with the report of a medical examination performed by Cynthia Rivera, M.D. Dr. Rivera concluded that Francis had moderate to severe senile dementia, memory loss, and

---

[1] The opinion will refer to these parties by their first names. Francis also has two daughters, Elizabeth and Katianna.

severe depression. She recommended a full guardianship as well as assistance in the home and a physical therapy assessment. Dr. Rivera also found that it likely that Francis had been exploited by Sawaar.

On April 9, 2013, the probate court issued a temporary restraining order prohibiting Sawaar from physically or mentally harming Francis, and from spending any of Francis's funds or transferring his property. It conducted a hearing on April 22, 2013 on the application for a temporary injunction. The hearing was attended by Amilious and his attorney, Sawaar's attorney, Francis, the attorney ad litem appointed by the court to represent Francis's interests, and Raquel Lauretano, the guardianship investigator for Probate Court No. 2. The parties agreed to a temporary guardianship of the person and estate of Francis. The court determined that it was in the best interest of Francis that a third party, PPF, be appointed temporary guardian. On May 17, 2013, the court entered an agreed order confirming the appointment of PPF as temporary guardian. The agreed order included a provision setting a third-party permanent guardianship hearing for June 17, 2013. Sawaar's attorney, Richard Mattersdorff, approved the form of the order signing. The court subsequently re-set the contested guardianship hearing to July 16, 2013 which Mattersdorff acknowledged in writing.

On June 20, 2013, PPF filed an application to be appointed Francis's permanent guardian. PPF emailed the application to Mattersdorff on the filing date and mailed it to him by certified mail on June 28, 2013. Neither Mattersdorff nor Sawaar attended the hearing on July 16. Mattersdorff instead informed the probate court by email that they would not attend because Sawaar's answer was not due until July 22. Consequently, the probate court continued the hearing on PPF's application to August 6, 2013 but it addressed matters related to extending the temporary guardianship. Sawaar filed his answer on July 22, 2013 contesting the guardianship

applications of PPF and Amilious. Mattersdorff and Sawaar did not attend the hearing on August 6 because Mattersdorff was attending a CLE program out of town. The court approved PPF's application and entered an order appointing PPF as guardian of Francis's person and estate.

## PREMATURE HEARING ON APPLICATION

In his first issue, Sawaar contends that the probate court violated former Section 633(f) of the Texas Probate Code by acting on PPF's application for permanent guardianship before the due date for Sawaar's answer. More specifically, he complains that the trial court conducted a hearing on PPF's application on July 16, 2013 when it was not empowered by statute to do so.

### *Preservation of Error*

PPF first responds that Sawaar failed to preserve this complaint by bringing it to the attention of the trial court. To present a complaint for review on appeal, the record must show that the complaint was made to the trial court by a timely request, objection, or motion that stated the grounds for the ruling that the complaining party sought with sufficient specificity to make the trial court aware of the complaint. TEX.R.APP.P. 33.1(a)(1). Sawaar does not address the issue in his briefing.

Based on our review of the record, the email Sawaar's attorney sent to the probate court's staff on July 15, 2013 is the only means by which Sawaar presented a contemporaneous complaint about the July 16 hearing to the probate court. At that hearing, the probate court read the email on the record:

> Hi, Bea, Robert. Sawaar Simmons and I will not attend the hearing July 16th morning, because our answer and/or contest is not due until July 22nd by 10:00 a.m. I was not asked to accept service with citation, and no citation document was ever served in any way on Sawaar or me. But we agree to accept service of the application, mailed on June 28th to Sawaar in my care, as of the Monday, July 8th delivery. Thanks. Richard.

The question before us is whether this email preserved Sawaar's specific complaint that the probate court, by conducting a hearing on July 16, acted on PFF's application in violation of former Section 633(f) which provided, in relevant part, as follows:

> The court may not act on an application for the creation of a guardianship until the Monday following the expiration of the 10-day period beginning the date of service of notice and citation has been made as provided by Subsections (b), (c), and (d)(1) of this section . . . .[2]

Mattersdorff's email explained he and Sawaar would not attend the hearing on July 16 because Sawaar's answer was not yet due, but he did not cite Section 633(f) nor did he argue, as he does on appeal, that the probate court lacked authority to "act on an application for the creation of a guardianship." We conclude that the issue is waived. *See* TEX.R.APP.P. 33.1; *In re Guardianship of Speer*, No. 11-08-00210-CV, 2009 WL 1244431 at *2 (Tex.App.--Eastland 2009, no pet.)(holding that appellant's arguments regarding trial court's failure to apply multiple sections of the Probate Code were waived because appellant did not raise the complaints in the probate court).

Even if Sawaar preserved error, the issue is without merit. In accordance with former Section 633(d)(1), PPF served Sawaar with its guardianship application by certified mail to his attorney, Mattersdorff. Former Probate Code Section 633(d)(1) required the applicant to mail a copy of the application for guardianship and a notice to all adult children of a proposed ward.[3] Under former Section 634(a), PPF properly served Sawaar's attorney who had entered an appearance in the case in April 2013. *See* Acts 2003, 78th Leg., R.S. ch. 549, § 9, 2003 TEX.GEN.LAWS 1862 (current version found at TEX.ESTATES CODE ANN. § 1051.055 (West

---

[2] Acts 2003, 78th Leg., R.S. ch. 549, § 8, 2003 TEX.GEN.LAWS 1861 (current version found at TEX.ESTATES CODE ANN. § 1051.106 (West 2014)).

[3] Acts 2003, 78th Leg., R.S. ch. 549, § 8, 2003 TEX.GEN.LAWS 1861 (current version found at TEX.ESTATES CODE ANN. § 1051.104.

2014))("If an attorney has entered an appearance on record for a party in a guardianship proceeding, a citation or notice required to be served on the party shall be served on the attorney. Service on the attorney of record is in lieu of service on the party for whom the attorney appears."). Under former Section 632(f)(4)(C), when service is made by mail, the date of mailing is the date of service. *See* Acts 1993, 73rd Leg., R.S., ch. 957, § 1, 1993 TEX.GEN.LAWS 4090 (current version found at TEX.ESTATES CODE ANN. § 1051.052(e). Further, on Sawaar's motion, the probate court ordered service in compliance with TEX.R.CIV.P. 21a which provides that service shall be complete upon deposit of the paper, enclosed in a postpaid, properly addressed wrapper, in a post office or official depository under the care and custody of the United States Postal Service. Under either Rule 21a or Section 632, the ten-day period specified in Section 633(f) began running on June 28, 2013 when PPF mailed the application to counsel. The probate court did not "act on" PPF's application in violation of Section 633(f). Issue One is overruled.

## WARD ABSENT FROM HEARING

In his second issue, Sawaar argues that the permanent guardianship should be reversed because Francis was not present at the hearing on July 16. As noted by PPF, Sawaar did not raise any objection in the probate court regarding the absence of the ward at the July 16 hearing. Consequently, the issue is not preserved. *See* TEX.R.APP.P. 33.1; *In re Guardianship of Speer*, No. 11-08-00210-CV, 2009 WL 1244431 at *2. Further, Sawaar lacks standing to raise this issue on appeal. This court has held that "it is a fundamental principle of appellate review that a party on appeal may not complain of errors that do not injuriously affect him or that merely affect the rights of others." *Texas Department of Public Safety v. Kelton*, 876 S.W.2d 450, 451 (Tex.App.--El Paso 1994, no writ), *citing Buckholts Independent School District v. Glaser*, 632

S.W.2d 146 (Tex. 1982). Sawaar does not assert and there is nothing in the record to show that he was prejudiced or that his own rights were affected by Francis's absence at the hearing. Issue Two is overruled. Having overruled both issues presented on appeal, we affirm the judgment of the trial court.

May 14, 2015

ANN CRAWFORD McCLURE, Chief Justice

Before McClure, C.J., Rodriguez, J., and Larsen, J. (Senior)
Larsen, J., (Senior), sitting by assignment