

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-19-00135-CV
_____

IN RE MCCLELLAN CREEK RANCH, LLC, RELATOR

OPINION ON ORIGINAL PROCEEDING FOR WRIT OF MANDAMUS

May 23, 2019

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PARKER, JJ.

McClellan Creek Ranch, LLC, relator, brings this mandamus action challenging an "Order Denying Plaintiff's Motion to Strike Plea in Intervention" issued by Judge Phil N. Vanderpool, respondent. We will conditionally grant relief on the order denying relator's motion to strike.

Background

In June of 2017, McClellan purchased an undivided interest in the surface estate of six sections of land in Gray County commonly known as the Pursley Ranch. In December of 2017, McClellan filed a petition seeking partition of the surface estate of the ranch. McClellan alleged that it is proportionately the largest single owner of the ranch,

with an undivided one-quarter interest in each of the ranch's six sections and an additional undivided one-half interest in two of those six sections. McClellan asserted that the ranch is capable of equitable division and sought such a partition.

McClellan's cotenants, the "Pursley defendants," answered, alleging that partition in kind would result in a substantial prejudice to them. They filed a counterclaim for declaratory judgment, requesting the trial court to declare that the Pursley Ranch is "heirs' property" subject to the requirements of the Uniform Partition of Heirs' Property Act of Chapter 23A of the Texas Property Code. The trial court subsequently entered an order confirming that the action is subject to the Act and appointing an appraiser. An "as is" market value appraisal of the ranch was completed and provided to the court in December of 2018.

On January 8, 2019, Pursley Gas Company, a partnership of mineral interest owners that operates wells on the Pursley Ranch, filed a plea in intervention. Pursley Gas sought declaratory judgment to determine and declare its surface rights at the time of partition in the property comprising the Pursley Ranch. McClellan filed a motion to strike the plea in intervention, asserting that Pursley Gas has no justiciable interest in the partition lawsuit. After the trial court denied its motion to strike, McClellan filed a petition for writ of mandamus, claiming that the trial court had no discretion to deny the motion.

Intervention Standard

Under the Texas Rules of Civil Procedure, "Any party may intervene by filing a pleading, subject to being stricken out by the court for sufficient cause on the motion of any party." TEX. R. CIV. P. 60. The party opposing intervention bears the initial burden of

challenging the intervention by filing a motion to strike. *Guar. Fed. Savs. Bank v. Horseshoe Operating Co.*, 793 S.W.2d 652, 657 (Tex. 1990). Once a motion to strike has been filed, the burden shifts to the intervenor to show a justiciable interest in the lawsuit. *Mendez v. Brewer*, 626 S.W.2d 498, 499 (Tex. 1982).

"[T]he 'justiciable interest' requirement is of paramount importance: it defines the category of non-parties who may, without consultation with or permission from the original parties or the court, interject their interests into a pending suit to which the intervenors have not been invited." *In re Union Carbide Corp.*, 273 S.W.3d 152, 155 (Tex. 2008) (orig. proceeding) (per curiam). The interest asserted by the intervenor may be legal or equitable, but generally must be more than "a mere contingent or remote interest." *Law Offices of Windle Turley, P.C. v. Ghiasinejad*, 109 S.W.3d 68, 70 (Tex. App.—Fort Worth 2003, no pet.). "[I]n order to be a justiciable interest, there must be an actual controversy between parties who have conflicting personal stakes." *Tex. Dep't of Pub. Safety v. Kelton*, 876 S.W.2d 450, 452 (Tex. App.—El Paso 1994, no writ). Under the Supreme Court's decision in *In re Union Carbide*, a justiciable interest exists if the intervenor could have brought the pending action, or any part thereof, in his own name. *See In re Union Carbide*, 273 S.W.3d at 155; *see also Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Pennzoil Co.*, 866 S.W.2d 248, 250 (Tex. App.—Corpus Christi 1993, no writ) (holding that "a motion to strike a plea in intervention is akin to a special exception or to a motion for summary judgment, asserting that, as a matter of law, the opposing party could not have brought the action or would not be able to defeat recovery.").

The standard of review for determining whether a trial court properly struck a petition in intervention is abuse of discretion. *Mendez*, 626 S.W.2d at 499. A trial court

abuses its discretion if it acts without reference to any guiding rules and principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985).

Analysis

No Justiciable Interest

Pursley Gas's plea in intervention requested judgment "declaring and determining [its] surface rights at the time of partition in the six sections comprising the Pursley Ranch" and "declaring and determining [its] surface rights in regard to exploration, development[,] and production activities associated with the Pursley Ranch mineral estate . . . ." Once McClellan moved to strike Pursley Gas's plea in intervention, the burden shifted to Pursley Gas to prove its justiciable interest in the proceeding. *See In re Union Carbide*, 273 S.W.3d at 155. In its response to the motion to strike, Pursley Gas asserted that, because its "mineral estate is the dominant estate regarding the tracts at issue, and because some of its surface uses are not noticeable through inspection of the surface," its intervention in the partition lawsuit is proper. It further alleged that intervention was essential to protect its rights from being degraded by the partition sought by McClellan.

McClellan contends that, since the underlying action is for partition of the surface estate, and Pursley Gas has no ownership claim to that estate, Pursley Gas has no "justiciable interest" as defined by *In re Union Carbide* and thus cannot properly intervene. *See id.* at 155. That is, Pursley Gas is not a joint owner of the surface estate of the ranch, which is the estate sought to be partitioned; thus, Pursley Gas could not have brought the pending action, or any part thereof, in its own name. *See* TEX. PROP. CODE ANN. § 23.001 (West 2014) (right to partition is incident to tenancy in common and may be exercised by

4

anyone holding an ownership interest in the property); *see also* TEX. PROP. CODE ANN. § 23A.003 (West Supp. 2018) (property determined to be heirs' property must be partitioned under Chapter 23A).

Pursley Gas urges that it has an interest in the Pursley Ranch, but that is not the equivalent of having a "justiciable interest" in the partition proceeding initiated by McClellan. And, while Pursley Gas stresses its concern that the trial court may "try to make a decision without the input of Pursley Gas," that does not establish that there is an existing, unresolved dispute between parties with conflicting stakes that will be resolved via Pursley Gas's intervention. The record does not show an actual controversy regarding the dominance of the mineral estate or of the rights related to that estate.

Because Pursley Gas has not shown that it could have brought even some part of McClellan's partition suit in its own name, we agree that Pursley Gas has failed to provide evidence of a justiciable interest in this proceeding. Therefore, the trial court had no discretion to deny McClellan Ranch's motion to strike the intervention and abused its discretion by denying the motion. *See In re Union Carbide*, 273 S.W.3d at 156.

No Adequate Remedy by Appeal

A relator seeking relief by mandamus has the burden of establishing both that the trial court clearly abused its discretion and the relator has no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004). Having determined that the trial court's denial of McClellan's motion to strike the petition in intervention was an abuse of discretion, we next consider whether McClellan has an adequate remedy by appeal.

"An appellate remedy is 'adequate' when any benefits to mandamus review are outweighed by the detriments." *Id.* at 136. "An appeal is inadequate for mandamus purposes when parties are in danger of permanently losing substantial rights, such as when the appellate court would not be able to cure the error, the party's ability to present a viable claim or defense is vitiated, or the error cannot be made part of the appellate record." *In re Lewis*, 357 S.W.3d 396, 403 (Tex. App.—Fort Worth 2011, orig. proceeding).

In this case, the main detriment to permitting the intervention is that Pursley Gas will have the opportunity to inject issues unrelated to the surface partition into the proceeding. The partition suit involves determination of two key issues: the fair market value of the property and whether the property is susceptible to partition in kind. *See* TEX. PROP. CODE ANN. §§ 23A.006, .008 (West Supp. 2018). Pursley Gas's request for a declaration of its surface rights concerning post-partition exploration, development, and production bears no connection to either of those issues. Moreover, allowing the intervention would permit Pursley Gas to maintain a claim for attorney's fees even though it does not have a justiciable interest in the surface partition proceedings. Preventing Pursley Gas from complicating and potentially confusing the partition proceeding, particularly when there is no evidence of a current controversy with McClellan, justifies mandamus relief. *See In re Prudential*, 148 S.W.3d at 136 (when an order skews the procedural dynamics of a case, a traditional appeal is inadequate and mandamus is proper). We also conclude that the detriment to Pursley Gas, if any, is minimal, given the nature of its interest in the proceedings and the recency of its intervention.

Conclusion

Because McClellan Ranch has established that the trial court committed a clear abuse of discretion and that it has no adequate remedy by appeal, it is entitled to mandamus relief. *See In re Ford Motor Co.*, 165 S.W.3d 315, 317 (Tex. 2005) (orig. proceeding) (per curiam). Therefore, we conditionally grant a writ of mandamus and direct the trial court to vacate its order denying McClellan's motion to strike Pursley Gas's petition in intervention and to enter an order granting that motion. *See* TEX. R. APP. P. 52.8(c). Our writ will issue only if the trial court fails to comply.[1]

Judy C. Parker
Justice

---

[1] While this mandamus action was pending, counsel for Pursley Gas wrote a letter, dated May 3, 2019, to the trial court, requesting that it include two findings of fact in any decree or order declaring the property subject to partition or appointing commissioners. McClellan has requested that this Court order the trial court to disregard the contents of Pursley Gas's letter. We conclude that McClellan's request for relief is not ripe for our consideration. *See Waco Indep. Sch. Dist. v. Gibson*, 22 S.W.3d 849, 851-52 (Tex. 2000) (a case is not ripe when its resolution depends upon contingent or hypothetical facts or upon events that have not yet come to pass). Therefore, we lack jurisdiction over the request and decline to act upon it.